# IN GENERAL TERM, 1873.

GRAFTON JOHNSON, Appellant, *v.* ADAM R. MILLER, ET UX.

MORTGAGE—*application of rents on—*
MORTGAGEE—*accounting by.*

A mortgagor is not bound to account for rents and profits while he is in. possession of the mortgaged premises.

A mortgagee must account for the rents and profits, from the time he takes possession of the mortgaged estate, and he will be charged an occupation rent for any portion of it held by himself. If there be no interest due at the time the mortgagee takes possession, and the annual rents exceed the amount of annual interest payable on the mortgage, such rents will be directed by the Court, in order that the excess may be applied in sinking the principal.

Annual rents are directed in an account of occupation rent, as well as in an account of rents and profits received.

*Finch & Finch*, for appellant.
*A. F. Denny*, for appellee.

Johnson *v.* Miller *et ux.*

PERKINS, J.—Suit to foreclose a mortgage. The facts are as follows :

On the 25th day of August, 1871, Lizzie E. and Adam R. Miller executed a mortgage on a lot and house in Indianapolis, to secure the payment of a note executed by the mortgagors to Grafton Johnson, the mortgagee, for $1000, due in six months, with ten per cent. interest after maturity, and reasonable attorney's fees if suit should be instituted, &c.

On the same day, and as further security for the payment of said note, the mortgagors surrendered the possession of the mortgaged premises to the mortgagee, and thenceforward occupied them as his tenant at $35 per month. This was the legal effect of the action of the parties touching the occupancy of the mortgaged premises by the mortgagors. As further collateral security, the mortgagors delivered also to the mortgagee, a note on a third person for between four and five hundred dollars. There was no special agreement as to how the rent of the house, or the proceeds of the collateral note, should be applied.

That we are right in our construction of the agreement as to the possession, and rent of the mortgaged premises, we quote the brief of appellant. " The parties agree in this: Plaintiff loans a sum of money to defendants ; as security for this loan defendants execute the note, and mortgage ; as *further security* they put plaintiff in possession of the mortgaged premises. By the same agreement, by which they put plaintiff in possession, they agree themselves to occupy as his tenants, and pay monthly the rent at $35 per month."

The point in dispute in the case is this : The plaintiff (appellant here) claims that he is entitled to receive the $35 per month rent, in addition to the interest reserved in the note and mortgage, for the use of the money.

We need not inquire whether an agreement to that effect, had one been made, so unconscionable as it would have been,

Johnson *v.* Miller *et ux.*

could have been upheld. Without such agreement, we must apply to the case the general rule of law, which is, that a mortgagee in possession must account for rents and profits. *Mc Cormack* v. *Digby*, 8 *Blackf.*, 99. No such agreement is satisfactorily shown in this case.

This subject is fully discussed, and the cases collected, in the Second Part of volume Two, Leading Cases in Equity, top page 430. We quote : " The mortgagor is not bound to account for rents and profits while he is in possession. *Colman* v. *Duke of St. Albans*, 3 *Ves.*, 25 ; *ex parte, Wilson*, 2 *V. & B.*, 252. The mortgagee, however, must account from the time he takes possession, for the rents and profits of the mortgaged estate ; and he will be charged an occupation rent for any portion of it held by himself; *Smart* v. *Hunt*, 1 *Vern.*, 418; *Trulock* v. *Robey*, 15 *Sim.*, 237, 265 ; and annual rents will be directed by the Court, if there be no interest due at the time he takes possession, and the annual rents exceed the amount of the annual interest payable on the mortgage, in order that the excess of rent may be applied in sinking the principal. *Shepherd* v. *Elliott*, 4 *Madd.*, 254 ; *Gould* v. *Tancred*, 2 *Atk.*, 533 ; and annual rents are directed in an account of occupation rent, as well as in an account of rents and profits received. *Wilson* v. *Metcalfe*, 1 *Russ.*, 530."

The judgment is affirmed.

---

Note.—See *Chitty on Contracts, mar. p.* 292; *Hilliard on Mortgages*, *Vol.* 1, *Chap.* 9.